USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___3/31/22___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------- x
TAMI BRUIN and ELINE BAROKAS, *on behalf* :
*of themselves and all others similarly situated*, :
                                                  :
                                    Plaintiffs,   :          21-cv-2272 (ALC)
                                                  :
                  -against-                       :          __OPINION AND ORDER__
                                                  :
BANK OF AMERICA, N.A.,                            :
                                    Defendant.    :
                                                  :
--------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

Plaintiffs Tami Bruin and Eline Barokas bring this putative class action suit against Defendant Bank of America, N.A., asserting claims under the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75.1 ("NCUDTPA"); the New York Deceptive Practices Act, N.Y.G.B.L. § 349 ("NYDPA"); and the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2 ("NJCFA"); and an unjust enrichment claim. Defendant moves to dismiss Plaintiffs' complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

When determining whether to dismiss a case, the court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co*., 648 F.3d 98, 104 (2d Cir. 2011). The following facts, alleged in the Complaint, ECF No. 5, are thus assumed to be true for the purposes of this motion.

Plaintiff Bruin, a citizen of North Carolina, and Plaintiff Barokas, a citizen of New York until July 2018 and a citizen of New Jersey from July 2018 to the present, are Bank of America accountholders. Compl. ¶¶ 8–9. Defendant's headquarters and principal place of business are

located in North Carolina. *Id.* ¶ 10. While accountholders, Plaintiffs each paid Defendant $3.00 in Automated Clearing House ("ACH") transfer fees when transferring money from their Bank of America accounts to their respective accounts with other financial institutions. *Id.* ¶¶ 41–46.

Plaintiffs assert that Defendant deceives its accountholders by misrepresenting that accountholders must pay a fee to conduct an outbound transfer of funds via ACH from a Bank of America account to an external account. *Id.* ¶ 4. Plaintiffs allege that an outbound ACH transfer from a Bank of America account to an account at another financial institution need not incur a fee. Payees at the receiving, external financial institution can take or "pull" funds directly from the payor's account for no fee, however, Defendant does not present this option to accountholders and deceives accountholders into believing that the fee-carrying "pull" outbound transfers whereby the accountholders initiate the transfer are the only available outbound ACH transfers. *Id.* ¶¶ 17–20, 37–39. The Complaint alleges that if Plaintiffs had "known that they could have made the exact same transfers for free had they initiated the transfers from the receiving bank account, they would not have paid the ACH Transfer Fees." *Id.* ¶ 47.

In support of their claims, Plaintiffs point to specific Bank of America documents and communications. First, Defendant's online banking interface explains that "transfers made to other banks are available in 3 delivery speeds: same business day using a wire, next business day or 3 business days, all for a fee." *Id.* ¶ 24. Second, Defendant's Online Banking Service Agreement states that accountholders "may send and receive the following types of ACH and Wire transfers," listing an "outbound" three business day ACH transfer as requiring a $3 fee and an "outbound" next business day ACH transfer as requiring a $10 fee. *Id.* ¶ 26. Third, Defendant's online banking interface provides accountholders with the following three options to "Transfer" funds "Between My Accounts" "At Other Banks:" a three business day ACH transfer for $3, a next business day

ACH transfer for $10, and a same business day wire transfer for $30. *Id*. ¶ 34. Additionally, the Online Banking Agreement explains that accountholders "may also move money within the U.S. without a transfer fee by using Zelle . . . or Bill Pay." *Id*. ¶ 30.

## PROCEDURAL HISTORY

On March 16, 2021, Plaintiffs commenced this action against Defendant. Defendant filed the instant motion to dismiss on June 23, 2021. On July 21, 2021, Plaintiffs submitted their brief in opposition to Defendant's motion. On July 28, 2021, Defendant filed its reply brief in support of its motion.

## LEGAL STANDARD

"[T]he plaintiff bears the burden of establishing personal jurisdiction." *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (internal quotation marks and citations omitted). "Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (internal quotation marks and citations omitted). "This showing may be made through the plaintiff's own affidavits and supporting materials, containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010) (internal quotation marks and citations omitted). The Court "construe[s] the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *Dorchester*, 722 F.3d at 85 (internal quotation marks and citations omitted). However, the Court "will not draw argumentative inferences in the plaintiff's favor," nor must it "accept as true a legal conclusion

couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal quotation marks and citations omitted).

To survive a 12(b)(6) motion, a claim must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & iStone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). To decide the motion, the Court "may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

"[A]n action under [the NYDPA] is not subject to the pleading-with-particularity requirements of Rule 9(b) . . . , but need only meet the bare-bones notice-pleading requirements of Rule 8(a)." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005). However, "[c]laims under the [NJ]CFA are required to meet the particularity requirement of Fed. R. Civ. P. 9(b)." *Daloisio v. Liberty Mut. Fire Ins. Co.*, 754 F. Supp. 2d 707, 709 (D.N.J. 2010).

## DISCUSSION

### I.   Personal Jurisdiction

Defendant argues that Plaintiff Bruin's claims should be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Def.'s Br. 5–7, ECF No. 24. Plaintiffs do not contest Defendant's challenge, and instead request that Plaintiff Bruin's claim be severed and transferred to the Western District of North Carolina. Pls.' Br. 22–25, ECF No. 26.

If a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules. *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997). A New York court may exercise personal jurisdiction over an out-of-state defendant if "New York law would confer upon its courts the jurisdiction to reach the defendant" and, so finding, if "extension of jurisdiction in such a case would be permissible under the Due Process Clause of the Fourteenth Amendment." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2003).

This Court lacks both general and specific personal jurisdiction over Plaintiff Bruin. To establish personal jurisdiction over a foreign defendant under New York law, a plaintiff must "demonstrate either that the defendant was 'present' and 'doing business' in New York within the meaning of [CPLR] § 301, or that the defendant committed acts within the scope of New York's long-arm statute, CPLR § 302." *Schultz v. Safra Nat. Bank of New York*, 377 F. App'x. 101, 102 (2d Cir. 2010). It is axiomatic that CPLR § 302 provides only specific jurisdiction over a non-domiciliary defendant arising out of particular acts. *Roe v. Arnold*, 502 F.Supp.2d 346, 350 (E.D.N.Y. 2007). The allegations relating to Plaintiff Bruin occurred outside of New York, and she does not live in New York nor does she bank with Bank of America in New York. Compl. ¶¶ 8, 41. With respect to general jurisdiction, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home

in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)

(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). "Aside from the truly

exceptional case, a corporation is at home and subject to general jurisdiction only in its place of

incorporation or principal place of business." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d

Cir. 2018) (internal quotation marks and citations omitted). Defendant is neither incorporated in

New York nor maintains its principal place of business in New York. Compl. ¶ 10.

Further, the Court declines to sever Plaintiff Bruin's claims and transfer them to the

Western District of North Carolina. The Complaint states that this Court has original jurisdiction

over this action pursuant to Class Action Fairness Act ("CAFA"). Compl ¶ 6. Under CAFA, federal

jurisdiction over a class action is present where "the matter in controversy exceeds the sum or

value of $ 5,000,000, exclusive of interest and costs," the proposed plaintiff class has 100 or more

members, and "any member of a class of plaintiffs is a citizen of a State different from any

defendant." 28 U.S.C. § 1332(d)(2)(A).[1] The Complaint alleges CAFA jurisdiction is present

because the amount in controversy exceeds $5 million and because the matter is sufficiently

diverse as "at least one of the members of the proposed class is a citizen of a different state than

[Defendant]." Compl ¶ 6 (citing 28 U.S.C. §§ 1332(d)(2) and (6)).

However, the Western District of North Carolina does not have jurisdiction over Plaintiff

Bruin's claims as presently pleaded. Defendant is a North Carolina corporation and Plaintiff Bruin

is a North Carolina resident. Accordingly, Plaintiff Bruin's North Carolina action would fail to

establish the minimal diversity required to proceed under CAFA. Under 28 U.S.C. § 1406(a), "the

district court of a district in which is filed a case laying venue in the wrong division or district shall

---

[1] Plaintiff alleges that the Court has jurisdiction over this action pursuant to the Class Action Fairness Act and Defendant does not contest that the Court has jurisdiction over this action pursuant to CAFA. The Court agrees with Plaintiffs and finds that the Complaint satisfies the threshold showings of amount-in-controversy, minimal diversity, and putative plaintiff class size for the purposes of CAFA jurisdiction.

dismiss, or if it be in the interest of justice, transfer such case to any district or division *in which it could have been brought*." 28 U.S.C. § 1406(a) (emphasis added). Here, Plaintiff Bruin's claims could not be brought in the Western District of North Carolina as CAFA jurisdiction does not exist. Accordingly, the Court dismisses Plaintiff Bruin's claims pursuant to Rule 12(b)(2).[2]

## II.    New York Deceptive Practices Act

Defendant argues that Plaintiffs have failed to state a valid claim for relief pursuant to the NYDPA. The NYDPA prohibits "[d]eceptive acts or practices in the conduct of any business trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). It "provides a means to vindicate the rights of a class of consumers allegedly subjected to unwarranted fees" and "reflects the wisdom that [w]hile the individual amount sought may be modest, the rights to be vindicated are far greater." *Blessing v. Sirius XM Radio Inc*., 756 F. Supp. 2d 445, 453 (S.D.N.Y. 2010) (internal quotation marks and citations omitted). To state a claim under § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 124 (2d Cir. 2017) (internal quotation marks and citations omitted). Defendants do not contest the first factor of this test, and therefore, the Court only addresses the second and third factors.

### a.    Materially Misleading Conduct

Defendant argues that it could not have engaged in material misleading conduct because it expressly and accurately disclosed the fees it charges to initiate the ACH transfers. The Court rejects Defendant's argument and finds that Plaintiffs have satisfied the second prong.

---

[2] As the Court dismisses Plaintiff Bruin's claims, the Court does not address the NCUDTPA claims because those claims relate only to Plaintiff Bruin and are thus dismissed.

"The New York Court of Appeals has adopted an objective interpretation of 'misleading,' under which the alleged act must be likely to mislead a reasonable consumer acting reasonably under the circumstances." *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007) (internal quotation marks and citations omitted). "It is not necessary under [Section] 349 that a plaintiff establish the defendant's intent to defraud or mislead," *Nick's Garage*, 875 F.3d at 124 (internal quotation marks and citations omitted), "[r]ather, the term 'deceptive practice' in Section 349 has been interpreted to mean acts which are dishonest or misleading in a material respect," *Kelly v. Cmty. Bank, N.A.*, No. 19-cv-919, 2020 WL 777463, at *9 (N.D.N.Y. Feb. 18, 2020) (internal quotation marks and citations omitted). The dispute regarding this prong cannot be resolved at this early stage as "[c]ourts have generally held that since this second factor requires a reasonableness analysis, it cannot be resolved on a motion to dismiss." *Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 566 (S.D.N.Y. 2016) (collecting cases).

Additionally, the Court finds that Plaintiffs' allegations present sufficient facts to survive a motion to dismiss. Accepted as true for purposes of this motion to dismiss, these allegations provide enough factual material to raise the claim above a mere conclusory allegation. Plaintiffs allege that Defendant misrepresents the necessity of paying fees for ACH transfers by informing "accountholders that the only way to effectuate an outbound transfer between an account at [Bank of America] and an account held by the same accountholder at a different financial institution is by initiating an ACH payment at [Bank of America] or by sending a costly wire." Pls.' Br. at 1. In reality, accountholders could effectuate a "pull" outbound transfer for no fee. In support of their allegations, Plaintiffs offer multiple bank-issued documents and statements. Construing these allegations as true for the purposes of this motion to dismiss, the Complaint sufficiently states a claim.

Defendants argue that their conduct cannot be deceptive because they disclosed their fees and transfer options. This argument fails. First, it is not necessarily enough for Defendants to have disclosed the fees. *See, e.g.*, *Blessing*, 756 F. Supp. 2d at 454 (holding that plaintiffs stated a claim under the NYDPA even where Defendant disclosed relevant facts because such disclosure was deceptive); *Tardibuono-Quigley v. HSBC Mortg. Corp. (USA)*, No. 15-cv-6940 (KMK), 2017 WL 1216925, at *16 (S.D.N.Y. Mar. 30, 2017) (same).

Second, Plaintiffs are not claiming that Defendant did not disclose their ACH fee schedule. Rather, Plaintiffs claim Defendant misled accountholders by omitting mention of "pull" outbound ACH transfers and by deceptively presenting the transfer options available at Bank of America. Third, "the general rule that consumer fraud claims cannot be predicated on fully disclosed facts does not apply when one party has exploited a disparity of bargaining power." *Cohen*, 608 F.Supp.2d at 349–50. Such a disparity of bargaining power may be present here where the parties do not hold equal bargaining party—Defendant is a sophisticated financial institution and Plaintiffs are individual accountholders. *See Blessing*, 756 F. Supp. 2d at 454 (holding that disclosed claim may still be deceptive in light of "the kind of bargaining disparity that vitiates the equality normally achieved through full disclosure"). Thus, Plaintiffs have adequately alleged a materially misleading practice.

### b. Injury

Defendant also argues that the Complaint fails under the third prong. Defendant contends that Plaintiffs have not alleged an actual injury stemming from Defendant's alleged deception, and under the NYDPA, Plaintiffs must "plead facts showing actual injury, not merely the alleged deceptive act." Def.'s Br. at 16 (quoting *Bildstein v. MasterCard Int'l Inc*., 329 F. Supp. 2d 410, 415 (S.D.N.Y. 2004)). The Court cannot credit this argument. In support of their argument,

Defendant relies upon a case where the court found the injury element was not adequately alleged because the plaintiff "failed to allege that the claimed deception caused him to pay more in making his foreign currency purchases than he otherwise would have paid." *Bildstein*, 329 F. Supp. 2d at 415. In contrast, Plaintiffs allege that Defendant's deceptive act—the concealing of the option of no-cost "pull" outbound ACH transactions—resulted in Plaintiffs conducting fee-carrying "push" ACH transfers and paying more than they would have done if they effectuated the transfer through the "pull" method.

Therefore, Plaintiffs have sufficiently alleged an injury flowing from the misleading practice. The motion to dismiss as to the NYDPA claim is denied.

## III.    New Jersey Consumer Fraud Act

Plaintiffs also adequately state a claim under the NJCFA. The NJCFA is "remedial legislation which should be construed liberally." *Real v. Radir Wheels, Inc*., 198 N.J. 511, 520 (N.J. 2009) (internal quotation marks and citations omitted). "Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful" may bring a NJCFA claim. N.J. Stat. Ann. § 56:8-19. A plaintiff bringing a NJCFA claim must allege: "(1) an unlawful practice by the defendants; (2) an ascertainable loss by plaintiff; and (3) a causal nexus between the first two elements—defendants' allegedly unlawful behavior and the plaintiff's ascertainable loss." *In re Bayer Corp. Combination Aspirin Prod. Mktg. & Sales Pracs. Litig.*, 701 F. Supp. 2d 356, 379–80 (E.D.N.Y. 2010) (internal quotation marks and citations omitted). As Defendant appears only to contest the first prong—and as the Court finds that the Complaint satisfies the remaining two prongs—the Court only addresses the first prong.

Plaintiffs satisfy the first prong for similar reasons as those stated above with regard to the NYDPA. The term "unlawful practices" encompass "deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise." N.J. Stat. Ann. § 56:8-2. Here, Plaintiffs have pleaded deception and misrepresentation. Defendant argues that Plaintiff fails to allege misrepresentation under the NJFCA because Defendant's "ACH transfer fees were fully disclosed." Def.'s Br. at 16.  Plaintiffs do not allege that Defendants have not disclosed their ACH fee schedule, instead, Plaintiffs assert that these disclosures are deceptive and mislead the accountholders. These allegations are sufficient. *See Eberhart v. LG Elecs. USA, Inc*., No. 15-cv-1761, 2015 WL 9581752, at *4 (D.N.J. Dec. 30, 2015) (holding that under the NJCFA, "[a] statement need not be literally false in order to constitute an actionable misrepresentation . . . because . . . the test is whether an advertisement has the capacity to mislead the average consumer" (internal quotation marks and citations omitted)). Further, as with the NYDPA, such reasonableness determinations are generally factual determinations, suited for resolution after the record has been further developed.

Accordingly, the Court finds that Plaintiffs have sufficiently pleaded their NJCFA claim.

## IV.    Unjust Enrichment

Plaintiffs also allege an unjust enrichment claim. "In determining the law applicable to unjust enrichment claims, New York courts determine which jurisdiction has the most significant contacts with the agreement in question." *Hettinger v. Kleinman*, 733 F. Supp. 2d 421, 444 (S.D.N.Y. 2010). The relevant contacts include "the place of contracting, the places of negotiation

and performance, the location of the subject matter, and the domicile or place of business of the contracting parties, with "the places of contracting and performance" assuming special weight. *Id*.

New York law should be applied because New York has the most significant contacts with Plaintiff Barokas's claims; Plaintiff Barokas opened her account with Defendant in New York, and thus New York is the place of contracting. An unjust enrichment claim under New York law must plead that "(1) the defendant was enriched; (2) at the expense of the plaintiff; and (3) it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff." *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014).

Defendant argues, among other things, that Plaintiff Barokas's unjust enrichment claim is "duplicative of her consumer protection law claims," and should be dismissed. Def.'s Br. at 20. Indeed, "Courts will routinely dismiss an unjust enrichment claim that simply duplicates, or replaces, a conventional contract or tort claim." *Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 248 (S.D.N.Y. 2019) (internal quotation marks and citations omitted). Similarly, courts have also dismissed unjust enrichment claims where they are duplicative of consumers' fraud and deceptive trade practices claim, including claims under the NYDPA. *See Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 525 (S.D.N.Y. 2015). In dismissing the unjust enrichment claim, the Court agrees with and adopts the reasoning in *Reynolds v. Lifewatch*: "If Plaintiff's [NYDPA] and fraud claims are successful, the unjust enrichment claim is duplicative, as all three claims stem from the same underlying allegation . . . . [i]f Plaintiff's [NYDPA] and fraud claims are not successful, the reason for their insufficiency would not be remedied by an unjust enrichment claim." *Id*.

Thus, the Court grants Defendant's motion to dismiss the Complaint's unjust enrichment claim.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied in part and granted in part. The Court dismisses Plaintiff Bruin, the NCUDTPA cause of action, and the unjust enrichment cause of action. Otherwise, the Court denies Defendant's motion. Within fourteen days of this decision, the parties shall submit a joint status letter to the Court regarding next steps.

The Clerk of Court is respectfully directed to terminate Plaintiff Bruin and close the motion at ECF No. 23.

**SO ORDERED.**

**Dated: March 31, 2022**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**