UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELINE BAROKAS, on behalf of herself and all others similarly situated,

                Plaintiff,

-against-

BANK OF AMERICA, N.A.,

                Defendant.

21-CV-2272 (ALC)

OPINION AND ORDER

---

**ANDREW L. CARTER, JR., United States District Judge:**

Pending before the Court is Defendant Bank of America, N.A.'s ("Bank of America" or "Defendant") motion for reconsideration of the Court's Opinion and Order (the "Order") dated March 31, 2022. (ECF No. 35.) For the reasons stated below, the motion is **DENIED**.

## BACKGROUND

### I. Factual Background

The Court assumes the parties' familiarity with the facts, which are set forth more fully in the Order granting in part and denying in part Defendant's motion to dismiss. (ECF No. 28.) In short, Plaintiffs Tami Bruin and Eline Barokas brought a putative class action suit against Bank of America asserting claims under the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75.1 ("NCUDTPA"); the New York Deceptive Practices Act, N.Y.G.B.L. § 349 ("NYDPA"); the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2 ("NJCFA"); and an unjust enrichment claim. Defendant moved to dismiss Plaintiffs' complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. (*See generally* ECF Nos. 23, 24.)

On March 31, 2022, the Court issued the Order denying in part and granting in part Defendant's motion to dismiss. (ECF No. 28.) Specifically, the Court dismissed Plaintiff Bruin

1

and dismissed the NCUDTPA and unjust enrichment causes of action. (*See generally id.*) The Court denied Defendant's motion to dismiss the NYDPA and NJCFA claims for failure to state a claim. (*Id.*)

## II.   Procedural History

Plaintiffs commenced this action on March 16, 2021 against Bank of America. Defendant filed a motion to dismiss on June 23, 2021. (ECF No. 23.) On July 21, 2021, Plaintiffs submitted their brief in opposition to Defendant's motion. (ECF No. 26.) On July 28, 2021, Defendant filed its reply brief in support of its motion. (ECF No. 27.)

The Court issued the Order denying in part and granting in part Defendant's motion. (ECF No. 28.) Defendant filed a motion for reconsideration on April 13, 2022. (ECF No. 35.) Defendant argues that the Court "misconstrued" the Complaint to allege an omission and should thus reconsider its ruling sustaining Plaintiff's NYDPA and NJCFA claims. (*See generally* ECF No. 36.) Plaintiff Barokas filed a memorandum in opposition to Bank of America's motion on April 27, 2022, arguing that the Court did not err in its ruling as to the NYDPA and NJCFA causes of action. (ECF No. 38.) In its opposition papers, Plaintiff also raised its own ground for reconsideration of the Order, arguing that the Court erred in failing to consider Plaintiff Barokas NCUDTPA claim. (*See generally* ECF No. 38.)

The parties filed a joint status report on March 14, 2022 in which Bank of America requested a stay in discovery pending resolution of its motion for reconsideration. (ECF No. 37.) The Court granted Defendant's request for a discovery stay and extended Defendant's deadline to answer the Complaint to fourteen days after a decision on the motion for reconsideration. (ECF No. 41.) On September 1, 2022, Plaintiff filed a notice of supplemental authority in support of its request for reconsideration. (ECF No. 43.)

## DISCUSSION

### I. Legal Standard

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Walker v. Carter*, 2016 WL 6820554, *2 (S.D.N.Y. Feb. 4, 2016) (citing *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)). A court will grant such a motion in only three circumstances: where the party seeking reconsideration identified (1) an intervening change of controlling law; (2) the availability of new law; or (3) the need to correct a clear error or prevent manifest injustice. *See Berg v. Kelly*, 343 F. Supp. 3d 419, 424 (S.D.N.Y. 2018) (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)). It is not simply an opportunity for the moving party to present "the case under new theories" or otherwise take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *see also Svenningsen v. Ultimate Grounds Management, Inc.*, 2017 WL 3105871, *1 (S.D.N.Y. July 20, 2017).

The standard for granting such a motion is strict, and the decision to grant or deny a motion for reconsideration is one committed to the discretion of the district court. *Salveson v. JP Morgan Chase & Co.*, 663 Fed.App'x. 71, 75 (2d Cir. 2016) (internal quotations omitted); *Sigmon v. Goldman Sachs Mortgage Company*, 229 F.Supp.3d 254, 257 (S.D.N.Y. 2017). In general, any decision to grant a motion for reconsideration is one supported by a showing of exceptional circumstances, such as controlling decisions or data that the court overlooked. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (exceptional circumstances include matters "that might reasonably be expected to alter the conclusion reached by the court."); *Xiu Feng Li v. Hock*, 371 Fed. App'x 171, 175 (2d Cir. 2010).

## II.     Motion for Reconsideration

### A. <u>Bank of America's Motion</u>

Bank of America asks for reconsideration of the Court's decision that Plaintiff's NYDPA and NJCFA were legally sufficient; however, it has not shown sufficient material facts or law that would warrant overturning the Court's prior decision. Defendant has identified no "clear error" in the Order. Instead, Defendant mischaracterizes the Order as framing the Complaint as premised on an omission—as opposed to a misrepresentation—and thus asks the Court to find that the Complaint fails to state a claim under the NYDPA and NJCFA. (*See* ECF No. 36 at 5–6.) However, Defendant has provided no support for its assertion that the Court misconstrued the Complaint. Indeed, it has not even cited any portion of the actual Order that purports to misconstrue Plaintiff's allegations, and merely states, in conclusory fashion, that "the Court appears to have read [omission-based claims] into the Complaint and based its decision on a finding of omission." (ECF No. 36 at 5.) However, the plain language in the Court's decision clearly describes the Complaint as having pleaded "deception and misrepresentation". (ECF No. 28 at 11.) Nowhere in the Order does the Court assert that Plaintiff has pled a fraud by an omission theory, and thus Defendant's arguments are without merit.

Bank of America's motion for reconsideration is a bald attempt to take a "second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52. In reaching its decision on the motion to dismiss, the Court carefully weighed Defendants' arguments that the NYDPA and NJCFA failed to state a claim against the facts alleged in the Complaint, but instead found the Complaint "contain[ed] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As this Court has held before, "reconsideration of a previous order is

an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Canfield v. SS&C Techs. Holdings, Inc.*, 2021 WL 1026128, at *1 (S.D.N.Y. Mar. 17, 2021). As such, Defendant has failed to indicate the exceptional circumstances that would lead this Court to disturb its previously reached conclusion. *See Shrader*, 70 F.3d at 257.

B. Plaintiff's Request for Reconsideration

Plaintiff's arguments for reconsideration raised in its opposition to Defendant's motion also fail. Plaintiff argues that the Court erred when it did not consider Plaintiff Barokas' NCUDTPA claim and instead dismissed the claim when it dismissed Plaintiff Bruin. (ECF No. 38 at 7.) Under Local Rule, 6.3, "any motion for reconsideration or re-argument of a court order determining a motion shall be served within fourteen days after the entry of the Court's determination of the original motion." The Order was filed on March 31, 2022, making any motions for reconsideration due April 14, 2022. Plaintiff first raised her arguments for reconsideration, not in a motion as required by Fed. R. Civ. P. 7(b), but in her memorandum in opposition to Defendant's motion, filed on April 27. As such, Plaintiff's motion for reconsideration is untimely. *See Otto v. Town of Washington*, 71 Fed. Appx. 91, 92 (2d Cir. 2003) (affirming denial of a motion for reconsideration filed ten days after the deadline); *see also McGraw-Hill Global Education Holdings, LLC v. Mathrani*, 239 F. Supp. 3d 394, 397 ("As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion.")

However, even if Plaintiff's reconsideration was not untimely, the request fails to raise any "exceptional circumstances" that would warrant reconsideration, *see Shrader*, 70 F.3d at 257, since

the Complaint does not state sufficient facts for Plaintiff Barokas to sustain a claim under the NCUDTPA.  *See Ashcroft*, 556 U.S. at 678.

## CONCLUSION

For the reasons set forth above, Defendant's motion for reconsideration is **DENIED**.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 35.

**SO ORDERED.**

**Dated:**     **New York, New York**
           **February 14, 2023**

                                         **ANDREW L. CARTER, JR.**
                                         **United States District Judge**